"Whereas, Henry Dellinger hath complained on oath to me, Daniel McKissick, a justice assigned to keep the peace for the county of Lincoln, that he has just cause to suspect that Samuel Bickerstaff, in company with others, hath endamaged him to the amount of two hundred and nineteen pounds ten shillings; and oath having been made that the said Bickerstaff has removed himself out of your county, or so absconds or conceals himself that the ordinary process of law cannot be served on him, and the said Henry Dellinger having given bond and security, according to the directions of the act of the General Assembly in such case made and provided, you are therefore commanded that you attach the estate of the said Bickerstaff, if it be found in your county, or so (475) much thereof, repleviable on security, as shall be of value sufficient to said damages and costs; and such estate so attached in your hands to secure, or so to provide, that the same may be liable to *Page 391 
further proceedings thereupon to be had at our next Court of Pleas and Quarter Sessions to be held for the county of Lincoln, on the first Monday in July next, so as to compel the said Samuel Bickerstaff to appear and answer the above complaint of the said Henry Dellinger, when and where you shall make known to the said court how you shall have executed this writ. Witness, Daniel McKissick, a member of said court, this 17th May, 1783, and in the 7th year of American Independence.
"DANIEL McKISSICK, J. P. [Seal.]
"To the Sheriff of Lincoln County to execute, or James Martin, constable." On which was endorsed the following return: "Levied on 300 acres of land, on the waters of Buffaloe Creek.
JAMES MARTIN, Constable."
The following affidavit was returned at the same court:
STATE OF NORTH CAROLINA,
Lincoln County.
This day came Henry Dellinger before me, a justice assigned to keep the peace for said county, and made oath that he has reason to suspect that Samuel Bickerstaff, in company with other tories in the British service, did come to his house, on the 26th day of January, in the year 1781, and took, destroyed, and carried away the following articles, to wit: 300 gallons brandy, at 8s — £ 120 — and other articles, which are mentioned in the affidavit, amounting in all to £ 219 2s. And that he never received them, or any of them, nor any value for the above-mentioned articles.
Sworn to and subscribed, this 17th May, 1783.
HENRY DELLINGER.
Daniel McKissick, J. P.
The case stood thus on the docket of the county court: (476)
Henry Dellinger } vs. } Or: Attachment — Jury charged — Samuel Bickerstaff. } Verdict £ 219 2 and costs.
On which execution issued, and the land mentioned in the return on the attachment was sold.
The following errors were assigned by Mr. John Williams, counsel for the plaintiff in error, to wit:
That no bond or security for satisfying all costs which might have been awarded to the said Samuel, in case the said Henry had been cast *Page 392 
in the said suit, and also all damages which might have been recovered against the said Henry in any suit or suits which might be brought against him for wrongfully suing out such attachment, was ever taken or returned to the said county court.
That the said Henry never swore to the amount of his damages or demand in the said suit, to the best of his knowledge or belief.
That there was no complaint made on oath to any justice of the peace of the said county court, that the said Samuel, at the time of granting such attachment, had removed, or was removing himself out of the county privately, or so absconded or concealed himself that the ordinary process of law could not be served on him.
That the original attachment does not appear to be granted by any justice of the county court of Lincoln, or any Judge of the Superior Court of Law.
That the said original attachment was directed to the sheriff of Lincoln County, or to James Martin, constable; and that by the record aforesaid appears to have been levied by the said James Martin, as constable, on land, when, by the law of the land, the same attachment ought to have been directed to the sheriff or coroner of Lincoln County, and not to any constable.
That there is no declaration filed and remaining of record in the said suit, and that the complaint, as it appears in the affidavit filed in the same suit, and the said original attachment, and the matter thereof is not sufficient in law to maintain the said action.
(477) That there was no issue joined, nor any judgment by default given, nor inquiry awarded as to damages, whereupon the verdict of the jury in that suit finding for the plaintiff, and assessing his damages and costs, could or can be founded.
That judgment was rendered for the said Henry, when by law it ought to have been rendered for the said Samuel.
Plea in nullo est erratum.
By the Court. We have considered the exceptions taken to this record, and shall briefly state in the order of assignment the reasons which lead us to conclude that this judgment ought not to be reversed.
1. The Act of Assembly upon this subject, Iredell, 301, does not require that the party obtaining an attachment shall swear positively to the amount of his debt or damage. It is sufficient if he swears to the best of his knowledge and belief; and the oath taken in the present case does not substantially differ from that required by the act. Had it varied from the effective meaning of the act, it must have been considered as no oath at all, and then the defendant might have availed himself of it by plea in abatement; and wherever an exception may be *Page 393 
so taken, it cannot be assigned as error. The act has at once prescribed the form of proceeding, and directed the manner in which any omission shall be taken advantage of by the defendant. If, therefore, this be an error, it would be wrong to reverse a judgment, long since rendered, when the defendant might in the first instance have abated the writ.
2. We conceive that this irregular return is helped by the statutes of Jeoffail, 18 Eliz., ch. 14, and 4 and 5 Ann, ch. 16 — the first of which provides that judgment shall not be stayed or arrested by reason of any imperfect or insufficient return of any sheriff or other officer, and by the latter act the same practice is extended to judgments by default.
3. This is altogether a collateral matter, no way essential to the gist of the action, nor in any respect connected with the regularity of the judgment. But it does not appear upon the face of the record that the defendant in error was the sheriff of the county when this order was made; and presumption, if made at all, should be rather to (478) support than destroy a judgment. The order itself is likewise mere surplusage — it is directory on the sheriff to do that which the law has already enjoined upon him; for it may be fairly interpreted, that he either keep the goods in his custody or deliver them on being replevied. Let this exception, however, have its greatest weight, and we think it comes completely within the spirit and meaning of the statute of 16 and 17 Car., 2, ch. 8, and 4 and 5 Ann., ch. 16.
4. This should have been pleaded in abatement.
5. Admitting that this appeared on the record, which it does not, yet it is to be considered that the jurors are appointed by the court, and the sheriff possesses no other power than merely as a minister to summon them to attend. Even in England, where the mode of appointing juries is extremely different, this objection could only form a cause of challenge to the array, and if omitted to be so taken, could not be assigned for error. Challenges might have been also made upon the same ground, had the inquest been formed of talesmen; but to presume that they were so formed would be to make an error where none appears.
6. The return is certainly informal, but is cured by the statutes before referred to.
7. If there be any weight in this objection, as applied to original attachments, we think that under the circumstances of this case it cannot be taken advantage of in error.
Judgment for the defendant in error.
Cited: Skinner v. Moore, 19 N.C. 149.
NOTE. — See Powell v. Hampton, ante, 306, and the cases there referred to in the note. *Page 394 
(479)